# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00617-SCT

*WADE HOOKS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/15/95 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | CLAY COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED - 9/11/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/2/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

On May 15, 1995, the Circuit Court of Clay County denied Wade Hooks' motion to vacate and set aside his conviction and sentence for manslaughter. Aggrieved, Hooks appeals to this Court, assigning as error the following issues.

> **I. WHETHER HOOKS' GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.**

> **II. WHETHER HOOKS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

## FACTS

Wade Hooks was charged in the Circuit Court of Clay County with murder in the shooting death of his wife, Linda, to which charge Hooks pleaded not guilty. On October 14, 1991, the circuit court granted the State's motion to reduce the charge to manslaughter, to which Hooks pleaded guilty. At the guilty plea hearing, after determining that Hooks' guilty plea was knowingly, intelligently and voluntarily made, the circuit court accepted Hooks' plea, convicted him and sentenced him to serve twenty years in the Mississippi Department of Corrections.

On April 21, 1994, Hooks filed a Motion for Post-Conviction Collateral Relief to Vacate and Set Aside Conviction and Sentence, in which he argued that his guilty plea was not knowingly, intelligently and voluntarily made, and that he received ineffective assistance of counsel. After an evidentiary hearing on April 14, 1995, the circuit court denied Hooks' motion.

## DISCUSSION

### I. WHETHER HOOKS' GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

Hooks' argument under this assignment is based primarily on his assertion that his attorneys, Michael Farrow and Gawyn Mitchell, promised him that if he pleaded guilty, he would receive a sentence of five to seven years. He claims that his attorneys made this promise to him just before the guilty plea hearing in the presence of several other people, whose affidavits Hooks attached in support of his post-conviction motion. Hooks also asserts that one of his attorneys told him that Mississippi does not recognize the defense of self-defense. Hooks contends that his guilty plea was made in reliance on these representations by his attorneys, and that had he known that he could receive a maximum sentence of twenty years, or that Mississippi recognizes the defense of self-defense, he would not have pleaded guilty. We find that this argument must fail.

Hooks' Petition to Enter a Plea of Guilty indicates that he knew that if convicted, he could receive a sentence of up to one year in the county jail or twenty years in the penitentiary. At the guilty plea hearing, Hooks testified that his attorneys had gone over his petition with him before he signed it, that he understood everything in the petition, and that his attorneys did not promise him anything to get him to sign the petition or plead guilty. Hooks asserts that the petition was altered after he signed it, and that when he signed it, it indicated that he could receive a sentence of five to seven years.

At the evidentiary hearing on Hooks' post-conviction motion, he testified that he remembered being told by the court at his guilty plea hearing that the maximum sentence he could receive was twenty years, and that he realized that the court could impose any sentence up to twenty years. Mr. Farrow testified that he never told Hooks that he would receive a sentence of five to seven years, and that he fully discussed with Hooks the maximum sentence of twenty years. He further testified that he did not alter the Petition to Enter a Guilty Plea after Hooks signed it, and that he never told Hooks that Mississippi does not recognize the defense of self-defense. Mr. Mitchell testified that Mr. Farrow told Hooks that the maximum sentence Hooks could receive was twenty years, that neither he nor Mr. Farrow ever told Hooks that he would receive a sentence of five to seven years, that he did not alter the petition after Hooks signed it, and that he never told Hooks that Mississippi does not recognize the defense of self-defense.

These issues are factual issues which the circuit court resolved in favor of the State. Our standard of

review under these circumstances is well settled. We will not set aside the findings of a trial court sitting without a jury unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990). In light of the conflicting evidence presented at the evidentiary hearing, we shall defer to the circuit court's findings on these issues.

Hooks also contends that he was under the influence of drugs when he pleaded guilty. He asserts that he was on the drug flexeril, prescribed to him by a doctor after recent heart by-pass surgery, and that as a result of the drug's influence, his guilty plea was not knowing, intelligent and voluntary. Hooks did not present any testimony regarding this issue at the evidentiary hearing, despite being offered the opportunity to do so. He instead relied on his own affidavit attached to his post-conviction motion, and on an attachment describing the effects of flexeril. However, Hooks indicated on his Petition to Enter a Guilty Plea, which he signed just before the guilty plea hearing, that he was not at that time under the influence of any drugs or intoxicants. As previously mentioned, Hooks testified at the guilty plea hearing that he had gone over the petition with his attorneys and that he understood everything in it.

The circuit court further questioned Hooks to determine that he understood what he was doing by pleading guilty, that he was acting of his own free will and accord with no threats or coercion by anyone, and that he understood that by pleading guilty, he was waiving his right to a trial by jury, his right against self-incrimination and his right to an appeal. The circuit court was not clearly erroneous in finding that Hooks' guilty plea was knowingly, intelligently and voluntarily made.

## II. WHETHER HOOKS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

Hooks makes the same arguments here as he does under the first assignment. He contends that his attorneys rendered ineffective assistance in that they promised him that he would receive a sentence of five to seven years, they told him that Mississippi does not recognize the defense of self-defense, and they allowed him to plead guilty while he was under the influence of drugs. As stated above, however, these arguments are without merit, and thus do not warrant discussion under the ineffective assistance of counsel analysis.

Hooks also argues that his attorneys failed to investigate the case or interview witnesses. Again, Hooks offered no testimony regarding this issue at the evidentiary hearing on his post-conviction motion, but instead relied solely on the allegations in his motion. Mr. Farrow, however, testified that in preparation of Hooks' defense, he visited Hooks' house on four to six occasions, he and Mr. Mitchell walked and photographed the crime scene, and he hired a private investigator who reviewed the file and helped attempt to find eyewitnesses and character witnesses. Hooks has failed to demonstrate any unprofessional error on the part of his attorneys, without which there can be no finding of ineffective assistance of counsel. Finding no merit among Hooks' assignments of error, we affirm the circuit court's denial of his motion to vacate and set aside the conviction and sentence.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**